UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
                                        )
DEBORAH DIANE KEMP A/K/A                 )
DEBORAH KEMP                             )
                                        )
            Plaintiff,                   )
                                        )          Case No.
      vs.                                )
                                        )
COMENITY BANK                            )
                                        )
            Defendant                    )
                                        )
                                        )
_____)

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

## *I.      INTRODUCTION*

1.  This is an action brought for damages under the Telephone Consumer Protection Act 47 U.S.C. §227, et seq. (hereinafter "TCPA") and applicable common law causes.

## *II.      JURISDICTION AND VENUE*

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper before the Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## *III.     PARTIES*

4.  Plaintiff, Deborah Diane Kemp a/k/a Deborah Kemp is a natural person at all times relevant residing in Rockingham County, New Hampshire.

5.  Plaintiff is a "consumer" as defined by the TCPA 47 U.S.C. §227, et seq. and  RSA358-C:1(1).

6.  Defendant, Comenity Bank a/k/a Comenity Capital Bank is a corporation created under the laws of Delaware with a principal place of business located at 12921 South Vista Station Boulevard, Draper, UT.

7.  Defendant, at all relevant times herein, was engaged, by the use of mail, email, and telephone, in the business of collecting a "consumer" debt from Plaintiff, as defined by 47 U.S.C. §227, et seq., 15 U.S.C. § 1692a(5) and  RSA358-C:1(IV).

8.  Defendant, is a "debt collector" as defined by 47 U.S.C. §227, et seq., and RSA358C:1(VIII).

### IV.    FACTUAL ALLEGATIONS

9.   Plaintiff brings this action against Defendant Comenity Bank (hereinafter "Defendant" or "Comenity") for its abusive and outrageous conduct in connection with debt collection activity.

10.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

11.   The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

12.  Plaintiff opened a credit card account issued by Defendant in July of 2019.

13.  Defendant was responsible for the extension of credit on Plaintiff's credit account.

14.  The loan Plaintiff took from Defendant was extended primarily for personal, family, or household purposes.

15.  Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

16.  Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the account shortly after the account was open and used for purchases.

17.  Plaintiff eventually became financially unable to continue making payments on her account.

18.  Defendant began contacting Plaintiff to inquire about the status of the account and to collect on the payments that were no longer being made.

19.  Plaintiff sent Defendant a letter informing Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

20.  Plaintiff's notice was sent to defendant on February 20, 2021 via certified mail.

21.  Defendant received Plaintiff's letter of revocation and representation on February 24, 2021.

22.  Defendant continued to call Plaintiff after the February 20, 2021 certified notice of revocation of consent was sent and subsequently received by Defendant.

23.   Defendant continued to contact Plaintiff after she revoked her consent through at least March 8, 2021; the type of contact was through  multiple daily phone calls to Plaintiff's cellular telephone.

24.  Defendant would call Plaintiff numerous times each day demanding payment on the account and often Plaintiff was contacted two or three times per day.

25.  Defendant continued to call Plaintiff on her cellular phone after she had revoked her consent.

26.  Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

27.  Defendant's automatic dialing machine contains the capacity to randomly dial numbers.

28.  Defendant would use a pre-recorded voice when calling Defendant.

29. Defendant would leave pre-recorded messages on Plaintiff's cell phone.

### V.    CLAIMS FOR RELIEF

### COUNT I
**DEFENDANT'S VIOLATIONS OF THE TCPA 47 U.S.C. § 227**

30.   Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully within this count.

31.   Defendant was informed the Plaintiff revoked her consent to be contacted by Defendant in February of 2021.

32.   Defendant called Plaintiff repeatedly since Plaintiff withdrew her consent to be contacted by an automatic dialing machine on her cellular telephone.

33.   Defendant received Plaintiff's revocation of consent through certified mail although Defendant continued to contact Plaintiff on her cellular telephone.

34.   Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

35.   Defendant's automatic dialing machine has the capacity to randomly dial numbers.

36.   Defendant would contact Plaintiff multiple times each day regarding payment on the account.

37.   Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

38.   Defendant contacted Plaintiff at least fourteen (14) times after she revoked her consent to be contacted on her cellular telephone.

39.   Plaintiff still contacted Defendant, sometimes multiple times, each day on her cellular telephone despite receiving notice of Plaintiff's revocation of consent.

40.   All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

41.   These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

42.   Plaintiff expressly revoked consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in February of 2021.

43.   These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1)(A)(iii).

   WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a.      Adjudging Defendant violated 47 U.S.C. §227;

   b.      Awarding Plaintiff statutory damages $1,500.00 for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3)(C);

   c.      Awarding Plaintiff triple damages for each phone call made because of willing violations of the statute as provided by 47 U.S.C. § 227(b)(3);

   d.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

   e.      Awarding such other and further relief as the Court may deem just and proper.

**JURY TRIAL REQUESTED**

Dated: August 27, 2021

   *s/ James R. McDaniel II*
   James R. McDaniel II, Atty
   NHBN: 266536
   Recovery Law Group, APC
   472 High Street, #301
   Somersworth, NH  03878
   (603) 749-4334; (603) 892-6988
   Fax: (888) 862-8707
   jmcdaniel@recoverylawgroup.com
   info@seacoastlegal.com